128 T.C. No. 5

UNITED STATES TAX COURT

RAINBOW TAX SERVICE, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7738-05.                    Filed March 8, 2007.

    Petitioner employed individuals to provide tax
return preparation and bookkeeping services.
Petitioner calculated its tax liability for
petitioner's tax years ending June 30, 2002 and 2003,
using the graduated corporate income tax rates set
forth in sec. 11(b)(1), I.R.C.

    <u>Held</u>:  Petitioner's tax return preparation and
bookkeeping services constitute accounting services for
purposes of sec. 448(d)(2), I.R.C., and petitioner is
therefore subject to the sec. 11(b)(2), I.R.C., flat
35-percent tax rate applicable to qualified personal
service corporations.

Donna Joyner-Rodgers (an officer), for petitioner.

<u>Derek W. Kaczmarek</u>, for respondent.

SWIFT, Judge:  Respondent determined deficiencies of $11,903 and $5,003, respectively, in petitioner's Federal income taxes for petitioner's tax years ending June 30, 2002 and 2003.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

The issue for decision is whether petitioner's tax return preparation and bookkeeping services are to be treated as accounting services.  If so, petitioner will be treated as a qualified personal service corporation under section 448(d)(2) and will be subject to the flat 35-percent tax rate set forth in section 11(b)(2).

FINDINGS OF FACT

Most of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner's principal place of business was located in Las Vegas, Nevada.

In 1978, Steve Rodgers (Rodgers) incorporated petitioner as a Nevada corporation, and until his death in 2002 Rodgers owned all of petitioner's stock.  Petitioner's business consisted of providing tax return preparation and bookkeeping services, which services Rodgers and other individuals provided as petitioner's employees.

Over the years, Rodgers, on petitioner's behalf, increased the number of petitioner's clients and the number of employees to perform for petitioner's clients tax return preparation and

bookkeeping services, and eventually petitioner opened two additional offices in the Las Vegas area.

After Rodgers' death in 2002, Rodgers' wife, Donna Joyner-Rodgers (Joyner-Rodgers), succeeded Rodgers as petitioner's president and assumed management of petitioner and of petitioner's three offices. Also, after Rodgers' death petitioner's stock was owned by Rodgers' estate, and then in 2004, petitioner's stock was transferred from Rodgers' estate to Joyner-Rodgers.

In addition to her administrative and managerial responsibilities relating to petitioner, Joyner-Rodgers, as an employee of petitioner, also provides to petitioner's clients tax return preparation services.

During the years in issue, petitioner's tax return preparation services generally consisted of the preparation of clients' Federal and State individual, corporate, partnership, gift, and estate tax returns. Petitioner's bookkeeping services generally consisted of the preparation, from client records, of profit and loss statements and various other reports and forms relating to client Federal payroll taxes, State unemployment taxes, and sales taxes.

Petitioner is not a public accounting firm, and petitioner's employees do not perform services that require petitioner's employees to obtain Certified Public Accountant (C.P.A.)

licenses.  Neither Rodgers nor Joyner-Rodgers ever held C.P.A. licenses.

For the years in issue, petitioner's employees (including Rodgers and Joyner-Rodgers) spent all of their work-related time performing for petitioner's clients tax return preparation and bookkeeping services and related administrative and support services.

On each of petitioner's timely filed corporate Federal income tax returns, petitioner's income tax liability was calculated using the section 11(b)(1) graduated income tax rates applicable to corporations.

On April 14, 2005, respondent issued to petitioner a notice of deficiency in which respondent determined that petitioner's tax return preparation and bookkeeping services constituted accounting services and therefore that petitioner, for the years in issue, should be treated as a qualified personal service corporation subject to the flat 35-percent tax rate set forth in section 11(b)(2).  The amounts of the deficiencies herein represent the increase in petitioner's Federal income taxes as a result of applying the flat 35-percent tax rate.[1]

---

[1] For the years in issue, the flat 35-percent tax rate set forth in sec. 11(b)(2) equals the highest marginal corporate tax rate set forth in sec. 11(b)(1).

## OPINION

In general, for Federal income tax purposes, corporations are taxed at graduated income tax rates. Sec. 11(b)(1). So-called qualified personal service corporations as defined in section 448(d)(2), however, are taxed at a flat 35-percent income tax rate. Sec. 11(b)(2).

A corporation is to be treated as a qualified personal service corporation (1) if substantially all of the corporation's activities involve the performance of services in the fields of "health, law, engineering, architecture, accounting, actuarial science, performing arts, or consulting" (hereafter covered services), sec. 448(d)(2)(A); sec. 1.448-1T(e)(4)(i), Temporary Income Tax Regs., 52 Fed. Reg. 22768 (June 16, 1987) (the "function test"); and (2) if 95 percent of the corporation's stock is owned by, among others, individual employees performing covered services for the corporation (or by the estate of a prior employee of the corporation who performed covered services for the corporation), sec. 448(d)(2)(B); sec. 1.448-1T(e)(5)(i), Temporary Income Tax Regs., 52 Fed. Reg. 22770 (June 16, 1987) (the "ownership test").

Substantially all of a corporation's activities will be treated as covered services only if in the aggregate the corporation's employees spend 95 percent or more of their time in

performing covered services.  Sec. 1.448-1T(e)(4)(i), Temporary
Income Tax Regs., supra.  In calculating the amount of employee
time spent performing covered services, administrative and
support services incident to covered services are treated as
covered services.  Id.

Section 448(d)(2), the regulations thereunder, and court
opinions generally do not define accounting services.[2]  However,
in section 1.448-1T(e)(5)(vii), Example 1(i), Temporary Income
Tax Regs., 52 Fed. Reg. 22770 (June 16, 1987), the preparation of
tax returns and audit and financial statements are treated as
accounting services:

> X, a corporation, is engaged in the business
> of providing accounting services to its
> clients.  These services consist of the
> preparation of audit and financial statements
> and the preparation of tax returns.  For
> purposes of section 448, such services
> consist of the performance of services in the
> field of accounting. * * *

Petitioner concedes that, if tax return preparation and
bookkeeping services constitute accounting services, by virtue of
Rodgers' and Rodgers' estate's ownership of petitioner's stock,
the above ownership test has been satisfied.

---

[2]  In Ron Lykins, Inc. v. Commissioner, T.C. Memo. 2006-35,
the parties did not dispute that tax return preparation services
constituted accounting services.

Petitioner, however, argues that, for purposes of section 448(d)(2)(A), tax return preparation and bookkeeping services do not constitute accounting services, that petitioner therefore does not meet the above function test, and that petitioner should not be treated as a qualified personal service corporation.

Petitioner argues that under Nevada law, accounting services can be performed only by C.P.A.s, and that because petitioner is not a C.P.A. firm, does not employ C.P.A.s, and does not perform services which are restricted under Nevada law to C.P.A.s, petitioner should not be treated as performing accounting services.

In essence, petitioner would treat only those services which require a C.P.A. license as accounting services and would treat other tax return preparation and bookkeeping services as nonaccounting services.

We disagree with petitioner's overly restrictive definition of accounting services.

Petitioner fails to appreciate the distinction between "public accounting" and "accounting". Public accounting, which generally consists of the preparation and/or audit of financial statements, and generally requires a C.P.A. license, represents a branch of accounting, not the entire realm of accounting. See Weygandt, et al., Accounting Principles, 6-9 (3d ed. 1993).

Further, section 448(d)(2) requires only that the services be in the "field of accounting" and is not limited to public accounting. Historically, tax return preparation and bookkeeping services are regarded as within the field of accounting.

Accounting has been defined as:

> the process of recording transactions in the financial records of a business and periodically extracting, sorting, and summarizing the recorded transactions to produce a set of financial records. * * * [Blacks's Law Dictionary 21 (8th ed. 2004).]

Tax return preparation, which requires extracting information relating to financial transactions, analyzing that information, and then summarizing and reporting that information on a tax return, fits within the above general definition of accounting.

Also, as discussed above, section 1.448-1T(e)(5)(vii), Example 1(i), Temporary Income Tax Regs., _supra_, indicates that, for purposes of section 448(d)(2), tax return preparation services are to be treated as accounting services.

We note that under Nevada statutory law "public accounting" includes "the preparation of tax returns". Nev. Rev. Stat. Ann. sec. 628.023 (Lexis Nexis 2004).

We note further that a defining characteristic of our Federal income tax system is the reporting of financial

transactions within "annual accounting periods". Sec. 441(c). Tax professionals and the Internal Revenue Code itself generally regard the process of determining in which annual accounting period revenues and expenditures are to be recognized as tax accounting. See generally secs. 441 through 483.

A significant aspect of petitioner's tax return preparation services consists of assisting clients in properly recognizing and reporting revenue and expenditures in the appropriate tax year or, in other words, performing tax accounting services.

We conclude that petitioner's tax return preparation services, for purposes of section 448(d)(2), constitute services within the field of accounting.

Bookkeeping, which section 448 and the regulations thereunder do not address, has been defined elsewhere as:

> a branch of accounting that deals with the systematic classification, recording, and summarizing of business and financial transactions in books of account. * * * [Webster's Third New International Dictionary (1981).]

Not only does bookkeeping constitute a "branch" of accounting, but our system of double entry bookkeeping undergirds modern financial accounting.[3]

---

[3] Historians generally consider Luca Pacioli (1445-1514 or 1517) to be "The Father of Accounting" for first documenting in his work Summa de Arithmetica, Geometria, Proportioni et Proportionalita (Venice 1494), the process of double entry bookkeeping.

We sustain respondent's determination that tax return preparation and bookkeeping services constitute and are to be treated as services in the field of accounting. Substantially all of petitioner's employees' activities involve the performance of services in the field of accounting. Accordingly, for the 2 years in issue, petitioner is to be treated as a qualified personal service corporation taxed at the flat 35-percent rate set forth in section 11(b)(2).

To reflect the foregoing,

Decision will be entered
for respondent.